*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 24, 2022

**BY ECF**
The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED.**

      Re:    Securities and Exchange Commission v. Raquel Moura Borges and Global Access Investment Advisor LLC, 20 Civ. 10051 (GBD)

Dear Judge Daniels:

      The Government respectfully submits this letter seeking (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay all proceedings in this action (the "Civil Action"), until the conclusion of the parallel criminal case, *United States v. Borges*, 21 Cr. 172 (LJL) (the "Criminal Case"). Defendants Borges and Global Access Investment Advisor LLC ("Global Access") do not oppose the Government's application. The plaintiff, the Securities and Exchange Commission ("SEC"), takes no position on the application.

      A stay in this matter is appropriate to promote judicial efficiency and preserve the careful balance struck by the Federal Rules of Criminal Procedure with regard to discovery. Moreover, because the Government and the defendant have begun a productive conversation about a resolution of the Criminal Case, the requested stay may be short in duration.

### Background

      This action and the parallel Criminal Case charge Borges with securities fraud and investment advisor fraud in connection with a scheme to defraud her investment clients by diverting for personal use and for other purposes funds that her investment clients entrusted to her for investment in, among other things, securities on their behalf, and making material misrepresentations and omissions to further and conceal her diversion of the funds.[1] The allegations are detailed in the SEC's complaint and Indictment 21 Cr. 172 (LJL) filed in this District on March 10, 2021 and unsealed on July 27, 2022 upon the arrest of Borges (the "Indictment").[2]

---

[1] The Criminal Case also charges Borges with wire fraud. In addition, the SEC Complaint names Global Access as a defendant.

[2] The Indictment is attached as an exhibit to this letter.

As mentioned above, the Government and counsel for Borges have started a discussion about a speedy resolution of the charges in the Criminal Case. The Government also understands that the defendants have indicated a preliminary interest in settling the allegations in this matter. The requested stay will allow those discussions to conclude, while avoiding the necessity for the parties and the Court to engage in time-consuming motion and discovery practice. The stay will also protect the Government's interest, in that it will delay disclosure to the defendants of information that, under the relevant criminal rules, would not typically be available to them until much closer to trial.

## Legal Standards

Rule 24 of the Federal Rules of Civil Procedure ("FRCP") provides for the intervention of parties in civil lawsuits either by right or by permission of the court. "[C]ourts in this Circuit have routinely allowed federal or state prosecutors to intervene in civil litigation in order to seek a stay of discovery." *SEC v. Treadway*, No. 04 Civ. 3464 (VM), 2005 WL 713826, at *2 (S.D.N.Y. Mar. 30, 2005). With respect to stays of SEC enforcement cases in light of criminal prosecutions, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).

## Discussion

The Government should be permitted to intervene and seek a stay of the Civil Action. The Government has a right to intervene under FRCP 24(a) because it has an interest in the transactions at issue in the Civil Action, and alternatively, it should be permitted to intervene under FRCP 24(b) because the Criminal Case involves claims and defenses that share common questions of law and fact with the Civil Action. Thus, as is customary in this District, the Government should be permitted to intervene and seek a stay of these proceedings.

Furthermore, application of the factors set forth above weighs in favor of the stay sought by the Government. *First*, there is substantial overlap between the facts at issue in the Civil Action and those at issue in the Criminal Case. *Second*, Borges has been indicted and the parties are in discussions regarding a resolution. "[T]he strongest argument for granting a stay is where a party is under criminal indictment." *SEC v. Shkreli, et al.*, 15 Civ. 7175 (KAM), 2016 WL 1122029, at *5 (E.D.N.Y. Mar. 22, 2016) (quotation and citation omitted). Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). The steady forward progress of the Criminal Case, including the possible speedy resolution, strongly favors a stay. *Third*, a stay would not significantly prejudice the parties in the Civil Action. As noted above, no party opposes a stay. *Fourth*, the public interest weighs heavily in support of a stay. The Government and the public have an important interest in ensuring that civil discovery is not used to

circumvent the well-founded restrictions that pertain to criminal discovery – restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process. *See Bd. of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991). *Finally*, the interests of the Court are best served by a stay. Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action and promoting judicial economy. *See In re Worldcom, Inc. Securities Litig.*, 02 CIV. 3288 (DLC), 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002) ("The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges.").

For the foregoing reasons, the Government should be permitted to intervene in the Civil Action, and the Court should stay this action until the resolution of the Criminal Case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Gina Castellano
Assistant United States Attorney
(212) 637-2224

cc: All Counsel (by ECF)

Application **GRANTED**. The Government is permitted to intervene and this action is stayed. The parties shall file quarterly joint status letters, starting on the first Friday in December, **December 2, 2022.**

**SO ORDERED.**

_____
Ona T. Wang                  8/30/22
U.S.M.J.